**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **IN RE:** | ) | |
| **Miranda L. J. Cooper,** | ) | |
| | ) | **CASE NO. 19-09567** |
| | ) | |
| **Debtor.** | ) | **Chapter 13** |
| | ) | |
| | ) | |
| _____ | ) | |
| | ) | |
| | ) | |
| **Miranda L. J. Cooper       ,** | ) | |
| | ) | **Adversary No.** |
| **Plaintiff,** | ) | |
| **v.** | ) | |
| | ) | |
| **City of Chicago, Illinois** | ) | |
| | ) | **ADVERSARY COMPLAINT** |
| | ) | **FOR ACTUAL AND PUNITIVE** |
| **Defendant.** | ) | **DAMAGES FOR VIOLATION** |
| | ) | **OF THE AUTOMATIC STAY** |
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |

*Miranda L. J. Cooper* , Debtor/Plaintiff *("Plaintiff")*, complains of *City of Chicago, Illinois* ("*City*"), Defendant, and pray for entry of judgment for actual and punitive damages, award of attorney's fees and costs of litigation and for other relief as a result of Defendant City's violation of the rights of Plaintiffs as created at 11 U.S.C. Section 362(k).

**I. JURISDICTION**

1.      This Court has jurisdiction over the subject matter of this Complaint pursuant to

28 U.S.C. §1334.

## II. VENUE

2.      Venue of this proceeding lies in this Court pursuant to 28 U.S.C. §409(a).

## III. CORE PROCEEDING

3.      This is a core proceeding under 28 U.S.C. §157(b)(2)(A),(K) because it concerns

the administration of the bankruptcy estate of Plaintiff.

## IV.   PRIVATE RIGHT OF ACTION

4.      Plaintiff possesses a private right of action to proceed in this cause pursuant to

11 USC Section 362(k)(1).

## V. CASE FACTS

5.      On July 8, 2016, Plaintiff **Miranda L. J. Cooper** filed a Chapter 13 bankruptcy in

this Court and was assigned Case Number 16-21958.

6.   In Case Number 16-21958, Plaintiff scheduled her ownership interest in a 2002

Lexus ES300 (hereinafter: "vehicle). Plaintiff's vehicle became property of the estate upon the

filing of Case Number 16-21958.

7.   Per the Order of Confirmation entered by this Court on August 31, 2016, this Court

ordered that "[a]ll property of the estate, as specified by 11 U.S.C. section 541 and 1306, will

continue to be property of the estate following confirmation…".  Neither Defendant City of

Chicago nor any other party of interest appealed the foregoing Order of Confirmation and, as a consequence, said Order was binding upon Defendant City.   Defendant City had filed its proof claim in Case Number 16-21958 on July 11, 2016.

8.   Thereafter, during the pendency of Case Number 16-21958, Defendant City seized Plaintiff's vehicle because said vehicle was being operated by a friend of Plaintiff while his driver's license had been suspended.   Plaintiff had given permission to her friend to drive her vehicle without knowledge or reason to believe that her friend's driver's license had been suspended.   Plaintiff was not present in the vehicle at the time of the seizure of the vehicle by Defendant City.

9.   Immediately after the seizure of her vehicle, Plaintiff informed Defendant City of the pendency of her Chapter 13 bankruptcy and demanded Defendant City to return the vehicle to Plaintiff.   After such demand, Defendant City refused to release the vehicle of Plaintiff and instead demanded payment by Plaintiff of debt owed by the friend of Plaintiff for driving with a suspended license.   As a consequence, Plaintiff was denied the possession and use of Plaintiff's motor vehicle.   Upon information and belief, Defendant City has destroyed the vehicle.

10.   Defendant City never sought modification of the automatic stay during the time it withheld the vehicle from Plaintiff and thereafter destroyed the vehicle.

11.   The filing of the voluntary bankruptcy petition caused Plaintiff, and her interest in her vehicle, to be protected by the automatic stay as found at 11 USC Section 362(a)(3).   The

vehicle, as referenced above, was at all relevant times encompassed within the bankruptcy estate

of the Plaintiff.

12.    Defendant City's conduct, as set forth above, was intentional, willful, and

undertaken with actual notice and knowledge of the filing and pendency of each Plaintiff's

Chapter 13 bankruptcy and existence of the automatic stay.

13.   Defendant City's conduct, as set forth above, naturally and proximately, caused

Plaintiff to suffer actual damages of which include: loss of use of her vehicle; loss of value of her

vehicle; transportation expenses; loss of wages and employment; dismissal of a Chapter 13

bankruptcy due to Plaintiff's inability to fund a Chapter 13 plan; loss of credit worthiness; and

great emotional distress and damage to health, including sleepless nights, anxiety and inability to

perform normal day-to-day activities.

**COUNT I-STAY VIOLATION**

14.   The foregoing paragraphs are incorporated herein by reference.

.    15.    Defendant City's conduct violated 11 USC Section 362(a)(3).

WHEREFORE, Plaintiffs request an Order declaring that Defendant City's conduct violated the

automatic stay as set forth herein, awarding Plaintiff actual damages, attorney's fees, costs of

litigation and grant Plaintiff such further relief as may be just and proper.

**COUNT II-PUNITIVE DAMGES AND CACELLATION OF DEBT**

16.   The foregoing paragraphs are incorporated herein by reference.

17.   Defendant City's conduct, as set forth above, was egregious, outrageous, malicious, and so exhibited the bad faith of Defendant City, as to warrant the imposition of punitive damages to deter similar misconduct in the future and the cancellation of debt owed by Plaintiff to Defendant City as an additional sanction.

WHEREFORE, Plaintiffs request an Order awarding punitive damages, in the amount of **FIFTY THOUSAND DOLLARS**, the cancellation of all debt owed by Plaintiff to Defendant City and a further award of attorney's fees, costs of litigation and such further relief as may be just and proper.

Dated: July 12, 2019

Firm 13, LLC.

/s/ Ross H. Briggs
Attorney for Plaintiff
1525 East 53rd Street, suite 423
Chicago IL 60615
773-220-7007